Jay R. Fialkoff (JF 4992)
Scott E. Silberfein (SS 1947)
**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299
(212) 554-7800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                   :

PHOENIX WAREHOUSE OF CALIFORNIA, LLC,  :
                                                                   :     Civil Action No.:
                       Plaintiff,                  :     08-cv-2856 (NRB)(AJP)
                                                                       :
     - against -                               :
                                                                       :     **ANSWER, COUNTERCLAIMS**
TOWNLEY, INC.,                                  :     <u>**AND JURY DEMAND**</u>
                                                                       :
                       Defendant,              :
     - and -                                   :
                                                                       :
PHOENIX WAREHOUSE OF NEW JERSEY, L.L.C.,  :
PHOENIX HOLDING GROUP, L.L.C., ALAN        :
ANTONUCCI, and CHRISTOPHER ANTONUCCI,  :
                                                                       :
                       Additional Counterclaim-Defendants.  :
                                                                     :
------------------------------------------------------------------------ X

Defendant, TOWNLEY, INC. ("Townley" or "Defendant"), by its attorneys, Moses &

Singer LLP, answers the Complaint of Plaintiff, Phoenix Warehouse of California, LLC ("PWC"

or "Plaintiff"), as follows:

     1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraphs 1 and 3 of the Complaint.

     2.     Admits the allegations in Paragraphs 2, 4 and 6 of the Complaint.

3.      Denies each and every allegation in Paragraph 5 of the Complaint, except admits that Defendant resides in this District.

4.      Denies each and every allegation in Paragraphs 7 and 10-14 of the Complaint.

5.      Denies each and every allegation in Paragraph 8 of the Complaint, except admits that Plaintiff and Defendant did business over a number of years.

6.      Denies each and every allegation in Paragraph 9 of the Complaint, except admits that Plaintiff and Defendant entered into an Escrow Agreement pursuant to which Defendant deposited $150,000.00 in cash into an escrow account with the escrow agent.

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

7.      At all relevant times, Townley contracted with PWC or a related company for warehouse services, including, but not limited to, receiving, processing, storage, shipping, picking & packing of orders, assembly of orders, re-packing, co-packing, labeling, and price ticketing (the "Warehouse Services").

8.      Pursuant to the agreement in place at the various times, PWC or a related company was obligated to invoice Townley for the services it provided pursuant to an agreed upon price schedule.

9.      PWC or a related company failed to provide, failed to timely provide, and/or negligently provided the Warehouse Services.

10.     PWC or a related company failed to properly and timely invoice Townley for the Warehouse Services.

11.     Such actions or omissions by PWC or a related company constitute breach(es) of the agreement(s).

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

12.     The Complaint, either in whole or in part, fails to state a claim upon which relief may be granted.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

13.     Plaintiff's causes of action, and each of them, are barred by the doctrine of estoppel and/or waiver.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

14.     Plaintiff's causes of action, and each of them, are barred by the doctrine of unclean hands.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

15.     Plaintiff's causes of action, and each of them, are barred by the doctrine of payment and/or accord and satisfaction.

## DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

16.     Plaintiff's causes of action, and each of them, are barred by the Statute of Frauds.

## DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

17.     In the event that Townley is deemed to be liable to Plaintiffs for any cause of action asserted against it, Plaintiff's claim for damages must be denied as speculative.

## DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

18.     Plaintiff's causes of action, and each of them, are barred or limited by Plaintiff's failure to mitigate its alleged damages.

## COUNTERCLAIM

Defendant Townley ("Counterclaim Plaintiff"), by and through its attorneys, Moses & Singer LLP, and pursuant to Rules 13 and 20 of the Federal Rules of Civil Procedure, hereby asserts the following Counterclaim against Plaintiff PWC and Additional Counterclaim-Defendants Phoenix Warehouse of New Jersey, L.L.C. ("PWNJ"), Phoenix Holding Group, L.L.C. ("Phoenix Holding"), Alan Antonucci and Christopher Antonucci and in support thereof state as follows:

## PRELIMINARY STATEMENT

1.      Counterclaim Plaintiff is in the cosmetics business.  As part of its business, Counterclaim Plaintiff required the use and services of a warehouse company.

2.      From on or about January 1, 2004, and continuing up to and including the present, PWC, PWNJ and/or Phoenix Holding agreed to provide such warehouse services to Counterclaim Plaintiff.

3.      PWC, PWNJ and/or Phoenix Holding, dominated and controlled by their common members and owners, Alan Antonucci and Christopher Antonucci (the "Individual Defendants"), breached the Contract and/or the parties' other agreement(s).

4.      As a result of the breaches of the Contract and/or the parties' other agreement(s), PWC, PWNJ, Phoenix Holding and/or the Individual Defendants caused Townley to incur damages related to (i) overpayments for Warehouse Services; (ii) cancellations of orders from Townley's clients and customers; and (iii) chargebacks, credits and other cash incentives required to be provided to Townley's clients and customers.

**THE PARTIES**

5.      Counterclaim Plaintiff Townley is a Delaware corporation, with its principal place of business in New York, New York.

6.      Upon information and belief, PWC is a California limited liability company with its principal place of business at 1A Colony Road, Jersey City, New Jersey 07305.

7.      Upon information and belief, PWNJ is a New Jersey limited liability company with its principal place of business at 1A Colony Road, Jersey City, New Jersey 07305.

8.      Upon information and belief, Phoenix Holding is a New Jersey limited liability company with its principal place of business at 1A Colony Road, Jersey City, New Jersey 07305.

9.      Upon information and belief, the members of PWC are Alan Antonucci and Christopher Antonucci (together, the "Individual Defendants").

10.      Upon information and belief, the members of PWNJ are the Individual Defendants.

11.      Upon information and belief, the members of Phoenix Holding are the Individual Defendants.

12.      Upon information and belief, the Individual Defendants are citizens of the State of New Jersey.

**JURISDICTION AND VENUE**

13.      The Court has subject matter jurisdiction over Townley's claim pursuant to 28 U.S.C. §§1332(a)(1) because plaintiff Townley is a citizen of State of New York and PWC, PWNJ, Phoenix Holding and the Individual Defendants are citizens of the State of Jersey and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## COUNT ONE

14.    Commencing on or about January 1, 2004, and continuing up to and including October 16, 2007, PWC, PWNJ, and/or Phoenix Holding provided warehouse services including, but not limited to, receiving, processing, storage, shipping, picking & packing of orders, assembly of orders, re-packing, co-packing, labeling, and price ticketing (the "Warehouse Services").

15.    From on or about January 1, 2004, and continuing up to and including October 16, 2007, PWC, PWNJ, and/or Phoenix Holding were obligated to invoice Townley for the Warehouse services it provided pursuant to an agreed upon price schedule.

16.    From on or about January 1, 2004, and continuing up to and including October 16, 2007, PWC, PWNJ, and/or Phoenix Holding failed to provide, failed to timely provide, and/or negligently provided the Warehouse Services.

17.    From on or about January 1, 2004, and continuing up to and including October 16, 2007, PWC, PWNJ, and/or Phoenix Holding failed to properly and timely invoice Townley for the Warehouse Services.

18.    On or about October 16, 2007, Townley and Phoenix Holding entered into an agreement (the "Contract") providing for Warehouse Services.

19.    The Contract was executed by Alan Antonuuci on behalf of "The Phoenix Group."

20.    From on or about October 16, 2007, and continuing up to and including the present, Phoenix Holding, PWC and PWNJ failed to provide, failed to timely provide, and/or negligently provided the Warehouse Services called for in the Contract.

21.    From on or about October 16, 2007, and continuing up to and including the present, Phoenix Holding, PWC and PWNJ failed to properly and timely invoice Townley for the Warehouse Services it performed pursuant to the Contract.

22.    At all relevant times, when invoices were issued to Townley, they were issued on behalf of PWC (the "Invoices").

23.    At all relevant times, the Invoices contained a reference to PWNJ.

24.    By failing to provide, failing to timely provide, negligently providing the Warehouse Services called for in the Contract and by failing to properly and timely invoice Townley for the Warehouse Services, Phoenix Holding, PWC and PWNJ breached the Contract and/or the parties' other agreement(s).

25.    As a result of the breaches by Phoenix Holding, PWC and PWNJ, Townley has been and continues to be damaged.

26.    As a result of the breaches by Phoenix Holding, PWC and PWNJ, Townley incurred damages related to overpayments to Phoenix Holding, PWC and PWNJ for Warehouse Services in excess of $456,994.39, with the exact amount to be determined at trial.

27.    As a result of the breaches by Phoenix Holding, PWC and PWNJ, Townley also incurred damages related to cancellations of orders from Townley's clients and customers in excess of $1,606,879.66, with the exact amount to be determined at trial.

28.    As a result of the breaches by Phoenix Holding, PWC and PWNJ, Townley also incurred damages related to chargebacks, credits and other cash incentives required to be provided to Townley's clients and customers in excess of $619,639.50, with the exact amount to be determined at trial.

## COUNT TWO

29.    Townley realleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.    Upon information and belief, at all relevant times, Phoenix Holding exercised complete domination and control of PWNJ and PWC's policy and business practices.

31.    Upon information and belief, at all relevant times, PWNJ exercised complete domination and control of PWC's policy and business practices.

32.    Upon information and belief, at all relevant times, the Individual Defendants exercised complete domination and control of PWC, PWNJ and Phoenix Holding.

33.    Upon information and belief, at all relevant times, PWC, PWNJ and Phoenix Holding, have had common owners (the Individual Defendants), officers, directors, members and/or shareholders and operated out of the same business address.

34.    Upon information and belief, at all relevant times, PWC, PWNJ and Phoenix Holding have failed to operate with an observance of corporate or company formalities between each other and have commingled assets and failed to maintain an arm's length relationship among related entities.

35.    Upon information and belief, the Individual Defendants are the "alter ego" of PWC, PWNJ and Phoenix Holding, and Phoenix Holding is the "alter ego" of PWC and PWNJ.

36.    Upon information and belief, at all relevant times, the Individual Defendants used their complete domination and control of PWC, PWNJ and Phoenix Holding to commit wrongs against Townley, including, without limitation, the breaches of the Contract and/or the parties' other agreement(s).

37.    Upon information and belief, at all relevant times, the Individual Defendants failed to adequately capitalize PWC, and PWC was used as a mere shell, instrumentality or conduit for Phoenix Holding, PWNJ and the Individual Defendants.

38.    Upon information and belief, at all relevant times, PWC was used as an entity to procure funds from customers such as Townley, which funds were diverted to PWNJ, Phoenix Holding and the Individual Defendants.

39.    Upon information and belief, at all relevant times, the Individual Defendants' complete domination and control of PWC, PWNJ and Phoenix Holding and the resultant breaches of the Contract and/or the parties' other agreement(s) has proximately caused Townley's damages.

40.    As a result of the breaches of the Contract and/or the parties' other agreement(s), Townley has been and continues to be damaged.

41.    Based on the foregoing, the Individual Defendants are liable to Townley for the damages it has and continues to incur.

42.    As a result of the breaches of the Contract and/or the parties' other agreement(s), the Individual Defendants are liable to Townley for damages it has and continues to incur related to overpayments for Warehouse Services in excess of $456,994.39, with the exact amount to be determined at trial.

43.    As a result of the breaches of the Contract and/or the parties' other agreement(s), the Individual Defendants are liable to Townley for damages it has and continues to incur related to cancellations of orders from Townley's clients and customers in excess of $1,606,879.66, with the exact amount to be determined at trial.

44.    As a result of the breaches of the Contract and/or the parties' other agreement(s), the Individual Defendants are liable to Townley for damages it has and continues to incur related to chargebacks, credits and other cash incentives required to be provided to Townley's clients and customers in excess of $619,639.50, with the exact amount to be determined at trial.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, Townley,  prays for judgment (i) dismissing the Complaint with prejudice; and (ii) on its Counterclaim, for money damages against PWC, PWNJ, Phoenix Holding and the Individual Defendants, jointly and severally, in an amount to be determined at trial, and for such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Townley hereby claims a jury trial on all issues triable to a jury in this action.

Dated:  May 20, 2008
        New York, New York

MOSES & SINGER LLP
*Attorneys for Defendant/Counterclaim Plaintiff*
*Townley, Inc.*

By:___/s/ Scott E. Silberfein_____
    Jay R. Fialkoff, Esq. (JF 4992)
    Scott E. Silberfein, Esq. (SS 1947)
405 Lexington Avenue
New York, New York 10174-1299
(212) 554-7800

TO:    PIKEN & PIKEN
       Robert W. Piken, Esq. (RP 9448)
       *Attorneys for Plaintiff Phoenix Warehouse of California, LLC*
       630 Third Avenue
       New York, New York 10017
       (212) 682-5522

Phoenix Warehouse of New Jersey, L.L.C.
1A Colony Road
Jersey City, New Jersey 07305

Phoenix Holding Group, L.L.C.
1A Colony Road
Jersey City, New Jersey 07305

Alan Antonucci
2-20 Pacific Avenue
Jersey City, New Jersey 7304

Christopher Antonucci
332 Wilshire Drive
Nutley, New Jersey 07110