PIKEN & PIKEN
Robert W. Piken (RP-9448)
630 Third Avenue
New York, New York 10017
(212) 682-5522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PHOENIX WAREHOUSE OF CALIFORNIA, LLC,

                              Plaintiffs,                  Civil Action No.: 08-cv-2856

    -against-

TOWNLEY, INC.                                        **REPLY**

                             Defendants,

    -and-

PHOENIX WAREHOUSE OF NEW JERSEY, L.L.C,
PHOENIX HOLDING GROUP, L.L.C., ALAN
ANTONUCCI and CHRISTOPHER ANTONUCCI,

        Additional Counterclaim-Defendants
------------------------------------------------------------------x

        Plaintiffs, Phoenix Warehouse of California, LLC ("PWC"), Phoenix Warehouse of New Jersey, LLC ("PWNJ"), Phoenix Holding Group, LLC ("Holding"), Alan Antonucci, individually and Christopher Antonucci, individually reply to Defendant's, Townley, Inc. Counterclaim set forth and allege as follows:

1. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 1.

2. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 2 in that Phoenix Holding Group never contracted with nor agreed to provide any services with Defendant Townley.

3. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 3 as to domination and control by the individuals. Phoenix Holding specifically denies having a contract with Defendant Townley.

4. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 4.

5. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 5.

6. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 6.

7. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 7.

8. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 8.

9. Individuals Alan Antonucci and Christopher Antonucci admit that they are members, but deny that they are the only members.

10. Individuals Alan Antonucci and Christopher Antonucci admit that they are members, but deny that they are the only members.

11. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 11.

12. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 12.

13. Plaintiff and Counterclaim Defendants admit the allegations contained in Paragraph 13.

14. PWC and PWNJ admit the allegations contained in Paragraph 14 and Phoenix Holding Group denies the allegations contained in Paragraph 14.

15. There is a contract by and between the parties and the contract terms speak for themselves. Phoenix Holding Group specifically denies that it was obligated in any way, shape or form to Townley.

16. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 16.

17. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 17.

18. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 18.

19. The document speaks for itself. The individual counterclaim Defendant, Alan Antonucci executed the document but there is no legal entity known as "The Phoenix Group."

20. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 20.

21. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 4.

22. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 22. Both PWC and PWNJ did business with Townley. However, the only obligation for which Plaintiff seeks recovery is on those obligations still due and owing to PWC. PWC and PWNJ invoice separately for work, labor and services performed by them.

23. Plaintiff and Counterclaim Defendants deny that PWC work, labor and services and invoices contained any references to PWNJ. PWNJ's make no reference to PWC.

24. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 24.

25. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 25.

26. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 26.

27. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 27.

28. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 4.

29. Plaintiff and Counterclaim Defendants repeat and reiterate each denial set forth hereinabove.

30. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 30.

31. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 31.

32. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 32.

33. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 33.

34. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 34.

35. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 35.

36. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 36.

37. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 37.

38. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 38.

39. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 39.

40. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 40.

41. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 41.

42. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 42.

43. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 43.

44. Plaintiff and Counterclaim Defendants deny the allegations contained in Paragraph 44.

## PLAINTIFF AND COUNTERCLAIM DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

1. For all times relevant herein, a Townley representative was physically located in and upon the premises of PWC. Townley, by its representative knew with whom it was doing business and on a day-to-day basis, made demands for services upon PWC and PWC complied. Orders were modified and changed on a day-to-day basis at PWC's warehouse location by a representative of Townley who, upon information and belief, is an officer, director and/or shareholder of Townley.

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

2. The Counterclaim, either in whole or in part, fails to state a claim upon which relief may be granted.

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

3. The Counterclaim, either in whole or in part, is barred by the Doctrines of Estoppel, Waiver and Laches.

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

4. The Counterclaim is barred by the Doctrine of unclean hands.

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

5. Plaintiff and Counterclaim Defendants are not liable for any consequential damages allegedly incurred by Defendant Townley.

**PLAINTIFF AND COUNTERCLAIM DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

6. Defendant is barred or limited by their failure to mitigate any alleged damages.

Dated: July 21, 2008
      New York, New York

Yours, etc...

*[signature]*

Robert W. Piken, Esq.
Attorneys for Plaintiff and
Additional Counterclaim Defendants
630 Third Avenue
New York, New York 10017
(212) 682-5522

To: Scott E. Silberfein, Esq.
Attorneys for Defendant
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299
(212) 554-7845

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK)

Esther Shamsian, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside in Long Island, New York.

On July 21, 2008, I served a true copy of a **REPLY** by depositing a true copy of same in a properly addressed, postage paid envelope to the last known address of the addressees as indicated below:

Scott E. Silberfein
Moses & Singer, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

_____
Esther Shamsian

Sworn to before me this
21st day of July, 2008

_____
Notary Public

ROBERT W. PIKEN
NOTARY PUBLIC, State of New York
No. 31-8373580
Qualified in New York County
Commission Expires March 30, 20 10